# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**PHILIP HARRIS,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-504**   (JCN: 2021016549)

**AHF, LLC,**
**Employer Below, Respondent**

**FILED**
**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Philip Harris ("Mr. Harris") appeals the November 21, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent AHF, LLC ("AHF") timely filed a response.[1] Mr. Harris did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Harris a 0% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 8, 2021, in the course of his employment with AHF, Mr. Harris injured his right shoulder while trying to free a jammed conveyor belt. Mr. Harris went to the Davis Medical Center on the date of his injury and was diagnosed with a right shoulder sprain. On the same day, Mr. Harris completed an Employee's and Physician's Report of Occupational Injury or Disease alleging that he was pulling on a conveyor belt and felt his right shoulder pop. The physician's portion indicated an occupational injury to the right shoulder and listed ICD9-CM diagnosis codes. By order dated June 30, 2021, the claim administrator held the claim compensable for a right shoulder sprain. On July 6, 2021, the claim administrator issued an order denying authorization for the subsequently requested surgery to his right shoulder based on a report of preexisting degenerative arthrosis. Mr. Harris protested the claim administrator's order denying authorization. On review, the Board considered the medical evaluations of Richard E. Topping, M.D., an orthopedic surgeon, and Chuan Fang Jin, M.D., an occupational medicine physician. In its August 5, 2022, order the Board determined that the requested right shoulder surgery was not

---

[1] Mr. Harris is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. AHF is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

medically necessary and reasonably required treatment for the compensable injury due to preexisting degenerative arthrosis. Mr. Harris did not appeal the August 5, 2022, order.

On December 13, 2022, Mr. Harris underwent an independent medical evaluation ("IME") performed by Jennifer L. Lultschik, M.D. Dr. Lultschik summarized the prior reports of Drs. Jin and Topping stating that Mr. Harris had preexisting, symptomatic degenerative arthrosis. According to Dr. Lultschik, in his operative report, Dr. Topping attributed Mr. Harris' right shoulder symptoms and resulting surgery to AC joint degenerative changes. Dr. Lultschik reported that Mr. Harris had reached maximum medical improvement. Using West Virginia Code of State Rules § 85-20 (2006) and the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Lultschik compared Mr. Harris' impairment of the uninjured left shoulder to the injured right shoulder to arrive at the 0% impairment rating for the compensable injury. She found that Mr. Harris had 5% UEI for regional loss of range of motion of the right shoulder and 5% UEI for the right upper extremity, which corresponded to 3% whole person impairment. She also found that Mr. Harris had 5% UEI for regional loss of range of motion of the left shoulder and 5% UEI for the left upper extremity, which corresponded to 3% whole person impairment. Dr. Lultschik subtracted baseline impairment in the left shoulder from that in the injured right shoulder (3% -3% = 0%) to conclude that Mr. Harris had 0% impairment of the whole person for the accepted diagnosis related to the incident of February 8, 2021.

On December 21, 2022, the claim administrator issued an order granting Mr. Harris a 0% PPD award based on Dr. Lultschik's report. In its November 21, 2024, order, the Board affirmed the claim administrator's order granting 0% PPD and noted that Dr. Lultschik's reasoning and rationale for apportionment in this claim were credible. Mr. Harris now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Harris asserts that he sustained more than a 0% whole person impairment due to the compensable injury. Mr. Harris argues that prior to his injury, he worked without restrictions or limitations in his right shoulder, and he had no history of treatments to his right shoulder. Mr. Harris further asserts that the Board was clearly wrong to find Dr. Lultschik's comparison of Mr. Harris' right shoulder with his left shoulder for apportionment credible because "the condition of the left shoulder cannot serve as a mirror for purposes of establishing the pre-injury condition of his right shoulder." We disagree.

Mr. Harris cites Syllabus Point 6 of *Duff* and Syllabus Point 5 of *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022)[2] in support of his position that apportionment based on Mr. Harris' supposed preexisting condition is inappropriate. In these two recent cases, the Supreme Court of Appeals of West Virginia ("SCAWV") considered the impact of preexisting conditions in the workers' compensation context. In these cases, SCAWV adopted a new presumption of compensability and shifted the burden of proof to employers in certain contexts. We do not view these two new cases as broadly as argued by Mr. Harris. *Moore* addresses compensability of a medical condition resulting from a workplace injury.[3] In this case, compensability of the right shoulder was already established so *Moore* is of little value in this PPD apportionment case.

---

[2] A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

[3] In *Blackhawk Mining, LLC v. Argabright*, ___ W. Va.___, 915 S.E.2d 7 (W. Va. Ct. App. 2023) *aff'd* No. 23-381, 2024 WL 3984505 (W. Va. Aug. 27, 2024) (memorandum decision), we found that *Moore* did not change the law so much as to make a previously undiagnosed preexisting chronic condition itself compensable. In *Moore*, the SCAWV expressly finds that *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) remains good law.

The dispositive issue in this case is whether, pursuant to *Duff*, AHF met its new burden of proving that Mr. Harris had a definitely ascertainable impairment resulting from a preexisting condition. In *Duff*, SCAWV created this new burden on employers in PPD apportionment cases as follows:

> Under West Virginia Code § 23-4-9b (2003), the employer has the burden of proving apportionment is warranted in a workers' compensation case. This requires the employer to prove the claimant "has a definitely ascertainable impairment resulting from" a preexisting condition(s). This requires that employer prove that the preexisting condition(s) contributed to the claimant's overall impairment after the compensable injury and prove the degree of impairment attributable to the claimant's preexisting condition(s).

Syl. Pt. 6, *Duff*, 250 W. Va. 510, 905 S.E.2d 528. For an employer to prove the degree of impairment attributable to a preexisting condition, "[a] non-treating doctor's opinion must be well supported and reasoned. A conclusory medical opinion will not suffice. Medical reports without reasoning and rationale are conclusory and perforce lack probative value." *Id.*, 250 W. Va. at 520, 905 S.E.2d at 538. (citations omitted).

The Board found that Dr. Lultschik's report establishes the existence of a definitely ascertainable preexisting impairment to Mr. Harris' right shoulder. According to Dr. Lultschik, Mr. Harris' baseline or preexisting impairment to the compensable right shoulder injury is any corresponding impairment to the uninjured left shoulder. Dr. Lultschik performed range of motion measurements on both shoulders and established that because Mr. Harris' left shoulder has a 3% impairment, the compensable right shoulder likely had the same amount of impairment prior to the compensable injury. While Mr. Harris might disagree with Dr. Lultschik, the Board considered her opinion as not arbitrary. Moreover, Dr. Lultschik's IME is the only medical opinion regarding Mr. Harris' permanent impairment from the compensable injury. The record on appeal establishes that Mr. Harris did not offer any evidence to contradict Dr. Lultschik's opinion.

As set forth by the SCAWV, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Based on the foregoing, we find that the Board's determinations set forth in its November 21, 2024, order are supported by substantial evidence and a rational basis. Therefore, and with our deferential standard of review in mind, we find that the Board was not clearly wrong and did not act arbitrarily or capriciously in affirming the claim administrator's 0% PPD award.

Accordingly, we affirm the Board's November 21, 2024, order.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White